### GARNER et al. v. SOUTHERN MUT. BUILDING & LOAN ASS'N.

(Circuit Court of Appeals, Fifth Circuit. June 10, 1897.)

No. 588.

FEDERAL AND STATE COURTS—CONFLICT OF JURISDICTION—APPOINTMENT OF RECEIVERS.

A federal court will not appoint a receiver for a corporation when it appears that a state court of competent jurisdiction has already appointed a receiver therefor, who has taken possession of all its assets.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

This was a bill in equity by Charles E. Garner, a citizen of Florida, suing in behalf of himself and all other stockholders and creditors, against the Southern Mutual Building & Loan Association, a corporation organized under the laws of Georgia, and others. The bill was in the nature of a creditors' bill, and set

forth that the defendant company was insolvent, and prayed for the appointment of a receiver to take charge of all the corporate property, books, etc., and for the issuance of writs of injunction restraining the defendant, its officers, directors, agents, etc., from interfering further with its affairs. Thereafter the bill was amended by making William J. Speer, treasurer of the state of Georgia, a party defendant, and alleging that he had in his possession, as such treasurer, in compliance with the Georgia statutes, $331,000 of the securities and assets of the defendant corporation. By this amendment it was sought to sequestrate the securities and assets in the hands of said Speer, to have a receiver appointed for the same, and the administration of the fund proceeded with by the court. On a rule to show cause why the injunction should not be granted, and a receiver appointed, as prayed for, the defendant association made a return, showing, among other things, that prior to the institution of this suit a creditors' suit had been brought by Roby Robinson and others against the defendant association, in the superior court of the state of Georgia, which suit was for the purpose of sequestrating all the assets of the association, and for the general administration thereof, the payment of its debts, and the distribution of the remainder among its stockholders; that on February 5, 1897, a receiver was appointed in that suit, who qualified on the following day, and, three days before the institution of the present suit, took possession of all the assets of the association, so far as the same could be found, including possession of the key to the box in the office of the treasurer of Georgia, where the securities deposited with such treasurer were stored; that the key so taken possession of was the only key to said box; and that the receiver also notified the treasurer of his appointment, and of his right to control the securities, leaving the same voluntarily in the box in the treasurer's office. On this showing the circuit court entered an interlocutory order denying the application for an injunction, and refusing to appoint a receiver. From this decree the present appeal was taken.

Tompkins & Alston, for appellants.

Ellis & Gray and King & Spalding, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

PER CURIAM. Considering that the bill filed by Roby Robinson and others in the superior court of Fulton county, in the state of Georgia, on the 6th day of February, 1897, was a bill to liquidate and wind up the affairs of the Southern Mutual Building & Loan Association, and that upon the said bill the said court took jurisdiction, appointing a receiver, who was directed to take charge of all the moneys, properties, and assets of said corporation, and hold the same subject to the further order of the said court, we are of opinion that thereby, and prior to the filing of the bill by the present appellants in the circuit court of the United States for the Northern district of Georgia, all the assets, money, and properties of every description of the said Southern Mutual Building & Loan Association were taken into the custody and control of said state court, and placed beyond the jurisdiction of the circuit court of the United States for the Northern district of Georgia. It follows that the order appealed from, refusing an injunction on the application of appellants to restrain the treasurer of the state of Georgia from making certain disposition of the assets of the Southern Mutual Building & Loan Association in his possession and under his control, and refusing to appoint a receiver to take charge and administer said assets, was in all respects proper. The decree appealed from is affirmed, with costs.